Windeon Demane SANDERS,
Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00096–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 2000.

Brian W. Wice, Houston, for appellants.

Barbara Anne Drumheller, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant Windeon Demane Sanders was convicted by a jury of the offense of felony murder and sentenced to life imprisonment in the Texas Department of Criminal Justice, Institutional Division. In three points of error, appellant appeals his conviction, arguing the trial court erred by: (1) entering a "deadly weapon" affirmative finding; (2) refusing to allow appellant to present evidence of child abuse during the punishment phase, and (3) refusing to grant a mistrial based on the prosecution's improper closing argument. We affirm the judgment as reformed.

### I.

### Factual Background

Appellant was convicted of felony murder for shooting the complainant during the course of a robbery of her home. The complainant, Phyllis Shelby (Shelby), returned to her home with her three daughters after dark one evening. While they were all in the eldest daughter's bedroom, a masked man entered with a gun, telling them all to be quiet. Shelby and her family could hear the sounds of another intruder in the house. The other intruder entered the room, and after repeatedly yelling obscenities at Shelby and demanding money and jewelry from her, shot her twice in the head. After witnessing their mother's death, the daughters were able to climb out the bedroom window and escape when the intruders left the room. Appellant's first point of error concerns the trial court's deadly weapon finding.

### II.

### Affirmative Finding

In his first point of error, appellant claims the trial court erred by making an affirmative finding of "deadly weapon" in

its judgment. Appellant asserts this was error because the jury found him guilty of felony murder, a lesser included offense, rather than capital murder, as was charged in the indictment. Because the verdict did not refer to the deadly weapon charge in the indictment, appellant maintains the trial court erred by including that finding in its judgment. We agree.

In *Polk v. State*, 693 S.W.2d 391, 393 (Tex.Crim.App.1985), the Court of Criminal Appeals concluded that under Article 42.12 of the Code of Criminal Procedure, "affirmative finding" means "the trier of fact's express determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." Thus, the Court decided that the Legislature required an "express determination" from the fact-finder, thereby rejecting any supposed "implied" finding. *See Hooks v. State*, 860 S.W.2d 110, 112 (Tex.Crim.App.1993). The Court specifically noted that an "implied" finding is not an "express" finding as is required by statute, and that the Legislature's requirement for an "express" finding was "meant to save all of us from sinking ever deeper into the quagmire of whether differing indictment/verdict/fact situations amounted to 'implied' findings or not." *See Polk*, 693 S.W.2d at 396.

■■■■ Since appellant was tried by a jury, the trial court had no authority to make a deadly weapon affirmative finding. *See Easterling v. State*, 710 S.W.2d 569, 581 (Tex.Crim.App.1986). Since *Polk*, it has been very well settled that in a jury trial, a trial court is authorized to enter a deadly weapon affirmative finding in three situations: where the jury has 1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; 2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon; or 3) affirmatively answered a special issue on deadly weapon use. *See Polk v. State,*

693 S.W.2d at 396; *see also Davis v. State*, 897 S.W.2d 791, 793–94 (Tex.Crim.App. 1995)

Here, there was no deadly weapon special issue included in either the guilt/innocence or punishment jury charges. Also, as noted above, the jury found appellant guilty of the offense of felony murder, yet the verdict made no reference to a deadly weapon nor did it refer back to the indictment. Thus, none of the three *Polk* methods authorizing a trial court to enter a deadly weapon finding have been met. *See Davis*, 897 S.W.2d at 794.

*Easterling* involved a deadly weapon finding in a situation in which the jury had found guilt of a lesser-included offense and the jury charge's application paragraph for the lesser offense of which that defendant was convicted included language that he acted with intent to kill by shooting with a firearm, to wit, a gun. Nevertheless, this court ordered the deadly weapon finding stricken and reformed the judgment by deleting such improper finding because none of the three *Polk* methods had been met. *See Easterling*, 710 S.W.2d at 581– 82. Further, in *Ex parte Flannery*, 736 S.W.2d 652 (Tex.Crim.App.1987), which also involved a jury finding guilt of a lesser-included offense, the court noted that none of the tests set out in *Polk* had been met because no affirmative finding was made by way of the jury verdict referring back to the indictment nor was a deadly weapon special issue submitted to the jury. *See id.* at 652. There, in spite of the indictment and jury charge application paragraph including shooting with a shotgun language, *Flannery* concluded that the trial court erred in including a deadly weapon finding in the judgment. *See id.* at 653.

Thus, in *Flannery*, the Court reaffirmed its rejection of any "implied" affirmative finding and made it quite clear that the requisite "express" deadly weapon finding must be made by one of the three *Polk* methods. Here, none of the *Polk* methods were present; therefore, the deadly weap-

on finding was improperly entered. We sustain appellant's first point of error. Accordingly, guided by *Easterling,* "we order the affirmative finding stricken from the judgment and reform the judgment by deleting the improper finding." 710 S.W.2d at 582.

## III.

### Punishment Evidence

In his second point of error, appellant argues the trial court erred by refusing to allow him to present evidence during the punishment phase of trial of his abuse as a child. Appellant insists the trial court's refusal harmed him, as evidenced by the jury's sentence of life imprisonment, the maximum sentence allowed. We disagree.

■■■ Complaints regarding the admission or exclusion of evidence are subject to an abuse of discretion standard of review. *See Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App.1993); *see also Araiza v. State,* 929 S.W.2d 552, 554 (Tex.App.—San Antonio 1996, pet. ref'd). A trial court abuses its discretion only when it applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *See DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996).

■■ The admissibility of evidence at the punishment stage of non-capital felony offenses is largely a function of policy rather than relevancy because there are no discrete factual issues to be determined. *See Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim.App.1988) (plurality opinion on State's motion for rehearing); *see also Hunter v. State,* 799 S.W.2d 356, 359–60 (Tex.App.—Houston [14th Dist.] 1990, no pet.). The Court of Criminal Appeals has stated it is unfortunate that "outside of Article 37.07, § 3(a), [the legislature] has given no clear guidance as to what considerations should inform the jury's punishment decision." *Id.* That section allows the state and the defendant to introduce any evidence, subject to the Rules of Evidence, as to any matter the court deems relevant to sentencing. *See* TEX.CODE CRIM. PROC. ANN. Art. 37.07, § 3(a) (Vernon Supp.2000).

■■ In filling what was regarded as a "policy void," the Court of Criminal Appeals has sanctioned the admissibility of evidence at the punishment phase relating to "the circumstances of the offense itself or to the defendant himself before or at the time of the offense." *See Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App. 1979); *see also Hunter,* 799 S.W.2d at 360. Here, the trial court ruled the evidence of appellant's past, including his work history, his relationship with his handicapped brother, and his abuse at the hands of his father, could come in "bit by bit." Thereafter, appellant submitted testimony concerning his past work history and relationship with his brother, but did not attempt to submit testimony regarding his abuse. Since appellant failed to offer it, the trial court never ruled on the admissibility of the evidence. Inaction by the trial court on evidence that was never offered cannot be error. Accordingly, we overrule appellant's second point of error.

## IV.

### Improper Argument

In his third and final point of error, appellant argues the trial court erred by refusing to grant a mistrial following the State's improper jury argument. During the State's closing argument for the punishment phase, appellant asserts that the prosecutor made an improper statement to the jury in the following argument:

> The State: And I would tell you this: That Sergeant Swaim can do it a lot better than some guy from Forgery or Burglary and Theft.
>
> Defense: Excuse me. I'll object to that. That's outside the record.

The trial court sustained the objection and further instructed the jury to disregard.

 In general, to constitute proper argument, counsel's closing arguments must fall within the areas of: (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to an argument from opposing counsel, or (4) a plea for law enforcement. *See Melton v. State,* 713 S.W.2d 107, 114 (Tex. Crim.App.1986). Here, because the prosecutor's argument is not reasonably related to one of the enumerated areas, it was improper. Therefore, the trial court correctly sustained appellant's objection and instructed the jury to disregard. *See Faulkner v. State,* 940 S.W.2d 308, 312 (Tex.App.—Fort Worth 1997, pet. ref'd) (holding almost any improper argument may be cured by an instruction to disregard).

 Mistrials should be granted only when an objectionable event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *See Bauder v. State,* 921 S.W.2d 696, 698 (Tex.Crim.App. 1996). Because curative instructions are presumed efficacious to withdraw from jury consideration almost any evidence or argument which is objectionable, trial conditions must be extreme before a mistrial is warranted. *See id.* Here, because the trial judge properly instructed the jury to disregard, and that instruction is presumed effective, a mistrial was not appropriate. Because the trial judge did not err, we overrule appellant's final point of error.

Accordingly, we affirm the trial court's judgment as reformed.