Affirmed and Opinion filed July 25, 2002















Affirmed and
Opinion filed July 25, 2002.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00958-CR

____________

 

RONALD COLUMBUS DYER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

______________________________________________________

 

On Appeal from
the 182nd District Court

Harris County, Texas

Trial Court
Cause No. 866,587

 

______________________________________________________

 

O P I N I O
N

            Ronald Dyer appeals his conviction
and ten-year sentence for burglary.  In
four issues, appellant contends the prosecutors engaged in improper jury
argument, struck at him over his counsel’s shoulder, and commented on his
failure to testify.  We affirm.

I.  Jury Argument

A.  Length of punishment for past crimes

            Appellant’s four issues concern the
State’s conduct during the sentencing phase of trial.  The State offered evidence showing appellant
had eight prior convictions.  For his
five 








prior misdemeanor convictions, appellant had received
sentences ranging from seventeen to sixty days in the Harris County Jail.  For his three prior felony convictions,
appellant had received six, eight, and ten months in prison.  The eight-month sentence involved the sale of
cocaine.

            In his first issue, appellant
contends the trial court erred in overruling his request for a mistrial after
the State gave the following jury argument:

Prosecutor:  In October of 1999,
State’s Exhibit No. 9 shows his conviction for delivery by actual transfer of
cocaine, weighing less than 1 gram, again he got a
little mercy, eight months in state jail. 
A lot less than the 2 years he
could have gotten day for day time.

Defense:  Judge, I object to that
statement, it’s outside the record.

Court:  Sustained.

Defense:  Ask for a jury
instruction.

Court:  The Jury is instructed to
disregard the last comment made by the prosecutor.

Defense:  Move for a mistrial.

Court:  Overruled.

 

            Appellant contends that the
italicized portion of the excerpt above was outside the record and thus
violated his right to due process of law. 
Because no evidence was presented regarding the length of punishment
appellant could have received for his past crime, we agree.  The prosecutor may not use argument to offer
evidence to the jury that is outside the record.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim.
App. 1988).  Jury argument is
permissible if it: (1) summarizes evidence; (2) is a reasonable deduction from
the evidence; (3) answers arguments of opposing counsel; or (4) is a plea for
law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim.
App. 2000), cert. denied, 532 U.S.
944 (2001).  However, even when an
argument exceeds the permissible bounds of these approved areas, such will not
constitute reversible error unless, in light of the record as a whole, the
argument is extreme or manifestly improper, violative
of a mandatory statute, or injects new facts harmful to the accused into the
trial proceeding.  Id.  The remarks must have been a willful and
calculated effort on the part of the State to deprive appellant of a fair and
impartial trial.  Id.  In most instances, an instruction to
disregard the remarks will cure the error. 
Id.

            Here, the prosecutor’s comment that
appellant received less than the maximum sentence he could have received for
cocaine delivery was quickly followed by an instruction to disregard from the
trial court.  Texas law
requires that we presume the instruction was complied
with by the jury unless the error was so flagrant that the instruction cannot
have been effective.  See Waldo v. State, 746
S.W.2d 750, 752, 754 (Tex. Crim. App.
1988).  Appellant identifies no evidence
on appeal to defeat the presumption.  The
error here is not of such character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jury.  Id. at 752–53 & n.3. 
The trial court therefore did not err in refusing to grant appellant’s
request for a mistrial.  Sanders v. State, 25
S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996)). 
We overrule appellant’s first issue.

B.  “He got the minimum” for his past crimes

            In his third issue, appellant
alleges the trial court erred in overruling his request for a mistrial after
the prosecutor argued: 

Defense counsel brought up the issue about his prior convictions and
how every other time he stepped up to the plate, he took the hit.  How many times do you go and give somebody a
chance?  As you heard [another
prosecutor] mention in the other instances, he
got the minimum.  [italics
added]

 

            In addition to describing the
(arguably) non-confrontational nature of the charged offense, defense counsel
had requested leniency because appellant’s prior convictions were non-violent.[1]  The defense argued that one of appellant’s
prior offenses was minor, in part, because he only received a 90-day jail
sentence:

I think that in determining the punishment in this case there’s two
major things for you to look at, one is the facts of the case, is this an
aggravated type of case, a mild type of a burglary case or something in
between.  The convictions on the part of
the defendant, number two, his background, are they the most aggravated kinds
of convictions, mild convictions, something in between.  I think you should look at them . . . . 

The prosecutor yesterday on cross examination through the prosecutor’s
questions, it was a good idea to do that, drew your attention to the
misdemeanor resisting arrest conviction and I want to talk about that a
moment.  It’s a resisting arrest
conviction, a misdemeanor, I think he got 90 days in jail for it, maybe, I am
not sure.  It wasn’t an assault on a
police officer, that’s a different offense . . . . 

 

            According to the defense, appellant
deserved leniency because his prior crimes had been minor and he had paid his
dues to society for those crimes.  Here,
the prosecutor’s statement that appellant “got the minimum” for his prior
crimes responded to the defensive request and was therefore proper.  See Wesbrook, 29 S.W.3d at 115 (argument
responding to defense’s argument one of four permissible areas).  Because the argument was proper, the trial
court did not err in denying appellant’s request for a mistrial.  We overrule appellant’s third issue.

II.  Striking over
shoulders of counsel – Issue Two

            In his second issue, appellant
argues that the prosecutor struck at him over his counsel’s shoulder by
objecting to jury argument made by his counsel. 
The exchange at issue is:

Defense:  When you think about
the offense itself, I can hardly think of a less serious burglary.  Burglary is serious, it’s a felony offense, I
am not making light of it.  A burglary of
somebody’s home is a very serious offense, but there are burglaries and there
are burglaries.  The kind of people that
commit burglaries can do, as you know, unspeakable things to the people in that
house and their wives and their children.

Prosecutor:  Your Honor, I
object, it’s a different range of punishment, it’s
outside the record.

Defense:  I object to that
statement, Your Honor.

Court:  I will sustain his
objection.

Defense:  I object to the
statement of the prosecutor as being argument at an improper time and attacking
the defendant over the shoulder of counsel.

Court:  His objection was
sustained.  Move along.  Your objection is overruled.

 

            The prosecutor did not, by way of
objection, attack the defendant over counsel’s shoulder.  Rather, the prosecutor’s objection was timely
and proper.[2]  We overrule appellant’s third issue.

II.  Comment on
appellant’s failure to testify

            Appellant’s fourth issue is a
contention that the prosecutor commented on his failure to testify.  The trial court overruled appellant’s objection
to the following argument given by the State: 

Because they want 2 years, 6 years, they want something small and as
defense counsel said, and I expect defense counsel to come over here and ask on
behalf of his client, please give him mercy. 
Come on, that’s expected, so that’s no big surprise.  Don’t hold it against him.  But the issue over here is,
what did his client do?  [italics added]

 

            To violate a defendant’s right
against self-incrimination, the offending language must be viewed from the jury’s
standpoint and the implication that the comment referred to the defendant’s
failure to testify must be clear.  Bustamante v. State, 48 S.W.3d 761,
765 (Tex. Crim. App. 2001).  It is not sufficient that the language might
be construed as an implied or indirect allusion.  Id.  The test is
whether the language used was manifestly intended or was of such a character
that the jury would necessarily and naturally take it as a comment on the
defendant’s failure to testify.  Id. (citing Griffin v. California, 380 U.S. 609,
613–14 (1965)).

            In applying this standard, the
context in which the comment was made is important.  Id.  Here, context demonstrates that the
italicized remark urged the jury to reject appellant’s request for leniency and
focus on the facts of his crime. 
Reference to appellant’s silence is indirect if not wholly
improbable.  We overrule appellant’s
fourth and final issue.

            Accordingly, the judgment of the
trial court is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Eva Guzman

                                                                                    Justice

 

 

Judgment rendered and Opinion filed
July 25, 2002.

Panel consists of Chief Justice
Brister and Justices Anderson and Guzman.

Do Not Publish — Tex. R. App. P. 47.3(b).

 

 











            [1]  Among other things, counsel noted that
appellant had attempted to flee, not fight, after the complainant returned
home.





            [2]  Burglary of a habitation with intent to
commit theft is a second-degree felony.  Tex. Pen. Code. §
30.02(c)(2). 
Burglary of a habitation with intent to commit a felony other than theft
is a first-degree felony.  Id.§ 30.02(d).