Affirmed and Memorandum Opinion filed April 28, 2005









Affirmed
and Memorandum Opinion filed April 28, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00043-CR

_______________

 

MARK STEVEN BATISTE, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________

 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 904,282

________________________________________________

 

M E M O R A N D U M   O
P I N I O N

Appellant, Mark Steven Batiste, appeals his conviction for
aggravated assault on the ground that he received ineffective assistance of
counsel.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 








Background

On March 3, 2002, the complainant, Bobbie Allen, was
appellant=s girlfriend.  Allen testified that she was visiting a
neighbor when appellant kicked in the door and began beating her.  As Allen tried to return to her home,
appellant attempted to beat her again. 
When Allen arrived at her front porch, appellant hit her with a chair.  Appellant=s brother, Anthony Batiste, intervened,
and Anthony and Allen sat in Anthony=s car to talk.  Later, appellant appeared and opened the
passenger door.  He accused Allen of
calling the police and hit her with a brick. 
As Allen tried to defend herself, appellant stabbed her in the
stomach.  Anthony drove a block away
where he flagged down Houston Police Officer Valentin Villanueva.

At trial, Anthony claimed he had no recollection of the
incident because he was intoxicated at the time of the incident and on
medication at the time of trial. 
However, Officer Villanueva testified that when Anthony flagged him
down, Anthony said that his brother had stabbed Allen.  After speaking with Anthony, Officer
Villanueva tended to Allen who confirmed that appellant stabbed her.  A jury convicted appellant of aggravated
assault and sentenced him to fifty years= confinement.

Ineffective
Assistance of Counsel


In his sole issue, appellant contends that he received
ineffective assistance of counsel because his counsel failed to request a
mistrial in response to allegedly improper jury arguments by the State.








The United States Supreme Court has established a two‑prong
test to determine whether counsel was ineffective.  Strickland v. Washington, 466 U.S.
668, 687, (1984); see  Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Appellant must prove (1) counsel=s representation fell below the
objective standard of reasonableness, and (2) there is a reasonable probability
that, but for counsel=s deficiency, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 687; see Mitchell, 68 S.W.3d at 642. 
In considering the first prong, we indulge a strong presumption that
counsel=s actions fell within the range of
reasonable professional behavior.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  To overcome this presumption, an allegation
of ineffectiveness must be firmly demonstrated in the record.  Id. 
We assume counsel=s actions and decisions were reasonably professional and
motivated by sound trial strategy.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant first complains of a statement at the beginning of
the State=s rebuttal argument.  During appellant=s closing argument, his counsel had
noted several facts to challenge Allen=s and Officer Villanueva=s credibility.[1]  At the beginning of its rebuttal argument,
the State responded, AMinor insignificant points from what has become or what has
turned out to be the biggest lay-down case I=ve ever seen.@ 
Appellant=s counsel immediately objected.  The trial court did not specifically sustain
the objection, but it instructed the jury to disregard the argument.

Appellant also complains that the State argued:

I don=t know what else to say.  It does not get any more simple.  It doesn=t get
any more straightforward that this.  [Allen] has been living for the last 22 months
basically wondering to herself, when am I going to be done with this?  When is this case going to be over? 

 

Appellant immediately objected, and the trial court sustained the
objection and instructed the jury to disregard.








Although appellant=s counsel objected to these
arguments, appellant contends that counsel=s representation, nonetheless, fell
below an objective standard of reasonableness because he failed to request a
mistrial.[2]  However, appellant has not rebutted the
presumption that his counsel was effective. 
See Thompson, 9 S.W.3d at 813. 
Generally, the record on direct appeal is not sufficient to establish a
claim of ineffective assistance of counsel because a silent record cannot rebut
the presumption that counsel=s performance was based on sound or reasonable trial
strategy.  Mitchell, 68 S.W.3d at
642; Kesaria v. State, 148 S.W.3d 634, 638 (Tex. App.CHouston [14th Dist.] 2004, pet.
filed).  In the absence of a record
explaining trial counsel=s actions, a reviewing court most likely cannot conclude
trial counsel=s performance fell below an objective
standard of reasonableness unless the conduct was so outrageous that no competent
attorney would have engaged in it.  Kesaria,
148 S.W.3d at 639 (citing Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001)).








Here, the record is silent as to counsel=s trial strategy.  Moreover, counsel=s conduct was not so outrageous that
no competent attorney would have engaged in it because appellant would not have
been entitled to a mistrial.  Mistrials
should be granted only when an objectionable event is Aso emotionally inflammatory that
curative instructions are not likely to prevent the jury from being unfairly
prejudiced against the defendant.@ 
Sanders v. State, 25 S.W.3d 854, 858 (Tex. App.CHouston [14th Dist.] 2000, pet. dism=d) (citing Bauder v. State,
921 S.W.2d 696, 698 (Tex. Crim. App. 1996)). 
Because curative instructions are presumed effective to withdraw from
jury consideration almost any objectionable argument, trial conditions must be
extreme before a mistrial is warranted.  See
id. (citing Bauder, 921 S.W.2d at 698); see also Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). 

Here, the State=s arguments were not so inflammatory,
prejudicial, or extreme that they were not cured by the instructions to
disregard.  To the contrary, considering
the evidence establishing appellant=s guilt, the jurors could have
determined for themselves that it was the Abiggest lay-down case.@ 
Further, considering the severity of the assault, the jurors could have
determined for themselves that Allen had been wondering for twenty-two months
when the entire episode would be over. 
Therefore, the trial court=s instructions to disregard were
presumed effective to cure the objectionable arguments, and a mistrial was not
appropriate.

Because appellant was not entitled to a mistrial, counsel=s representation did not fall below
the objective standard of reasonableness. 
Consequently, appellant has failed to prove that he received ineffective
assistance of counsel.

Accordingly, we overrule appellant=s sole issue and affirm his
conviction.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 28, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Specifically,
appellant’s counsel noted: (1) Allen was having a relationship with her
neighbor although she was appellant=s
girlfriend; (2) Officer Villanueva testified he saw Anthony and Allen sitting
in the car before the stabbing, but the car had tinted windows; and (3) Allen=s medical records incorrectly reported she sustained a
gunshot wound instead of a stab wound.





[2]  Appellant also
complains that his trial counsel was ineffective by failing to move for a
mistrial when the State argued that appellant “likes to gut people with a knife”
and “ought to be ashamed of himself.” 
However, the trial court overruled counsel=s
objection.  Therefore, appellant has
failed to show what more counsel could have done than lodge an objection and
obtain an adverse ruling.  Appellant
asserts in the body of his brief that the trial court erred in overruling the
objection.  However, he buries this
assertion in his “ineffective assistance argument.”  He presents no separate issue to challenge
the trial court’s overruling his objection and makes no argument to support
this assertion.  Accordingly, we will not
consider it.  See Tex. R. App. P. 38.1(e) (stating that
appellant’s brief must state concisely all issues presented for review); Tex. R. App. P. 38.1(h) (stating that
appellant’s brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record); see also
Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000); Smith v.
State, 907 S.W.2d 522, 532 (Tex. Crim. App. 1995).