NO. 07-07-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2008

_____

TREMAINE FILLMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-490,673; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Tremaine Fillmore, was convicted by a jury of assault domestic violence. Punishment was assessed at 365 days confinement and a $2,000 fine. By four issues, Appellant asserts his trial counsel rendered ineffective assistance by failing to (1) properly preserve error regarding the trial court's exclusion of

certain e-mail communications; (2) object to the admission of the complainant's medical records; (3) object to the testimony of Linda Schwartz as a medical expert and her interpretation of the contents of the complainant's medical records; and (4) seek a mistrial following Juror Colley's communication with an assistant district attorney.  We affirm.

## Background

Appellant was accused of hitting his ex-girlfriend, Leslie Arland, in the face and left ear after an altercation.  Arland was eight and one-half months pregnant with Appellant's child at the time of the incident.  Arland was living at her father's house when Appellant came by on August 31, 2004, to see if he and Arland could discuss the situation with their unborn child.  According to Arland, she and Appellant were trying to work out their relationship and Appellant's responsibilities to their child.  Appellant was involved with and residing with another woman at that time.  Appellant and Arland argued and she tried to push him out of the house and close the door on him.  According to Arland's testimony, she and Appellant scuffled and he pushed the door in and hit her in the face and ears with his hand.  He then drove away and she called 911.

An ambulance arrived, but she refused medical treatment because she did not want to go to the hospital and leave her other two children (by a different father) unattended.  Police were dispatched to the residence on a domestic dispute call.  She reported to the responding officer that Appellant had hit her and that she could not hear out of her left ear.

2

According to Arland's testimony, she visited her obstetrician shortly after the incident and also consulted an attorney to swear out an affidavit in support of a restraining order against Appellant. She did not, however, seek medical attention for her hearing problem until almost three weeks later. Arland explained that she was unable to get an appointment any sooner with Dr. Philip Scolaro, the otolaryngologist (ear, nose, and throat doctor) of her choice, but acknowledged that she did not call other doctors for an earlier appointment. Defense counsel reserved the right to cross-examine Arland at a later time.

Linda Schwartz, the business records custodian for Dr. Scolaro, testified for the State, without objection, to the contents of Arland's medical records. The medical records were likewise admitted without objection. Schwartz testified on direct examination that Arland had an injury to her left eardrum. During cross-examination, she acknowledged that according to the audiology report, Arland's hearing was within normal limits. On recross-examination, she conceded that Arland's injury could have been caused by accidently hitting herself with a door rather than by a slap across the face.

After the State presented its case-in-chief, trial counsel moved for an instructed verdict, which the trial court denied. Defense counsel then announced that he was ready to proceed with his cross-examination of Arland. Before calling the jury in, the trial judge announced that Juror Jennifer Colley had approached him to inform him that she recognized Arland. Colley was a teacher where Arland's older daughter attended school. Colley had not made the connection because Arland's daughter had a different last name.

She was aware of custody issues involving Arland's daughter and, as a teacher, she had been instructed that only certain persons were permitted to pick the child up after school. However, she assured the judge that she could be objective. The State and defense counsel questioned Colley and agreed with the trial judge that she did not need to be removed from the jury.

After the trial resumed, defense counsel vigorously cross-examined Arland. He pursued the theory that she had accidently hit herself with the door when she tried to shut it on Appellant. He also exposed certain discrepancies in her testimony and the statement she made to the responding officer. Another deviation, although slight, was that Arland was adamant that Appellant hit her with his hand yet the medical records recited that she was struck by his fist.

The defense also called James Paul Burns who testified that he knew both Arland and Appellant very well as former co-workers and friends. Notwithstanding that Arland is his friend, he testified that she has a reputation of being "untrustworthy and untruthful." He also testified on cross-examination that Appellant, who is a good friend, has never lied to him and he was unaware of Appellant ever hitting anyone.

After both sides rested and closed, defense counsel objected to omissions in the charge which the trial court corrected. The prosecutor then reported to the trial court that it had come to his attention that Juror Colley had not been candid when questioned earlier about her acquaintance with Arland. The prosecutor reported that, during a trial recess,

4

Colley had spoken with one of the assistant district attorneys who was not involved in the case and expressed a predisposed unfavorable opinion of Arland. In response, defense counsel requested that the identity of the assistant district attorney be disclosed. The trial court denied the request and defense counsel announced that he would not be moving for mistrial without knowing the content of the conversation between Colley and the assistant district attorney. The trial continued and the jury returned a guilty verdict.

The following morning, during the punishment phase, defense counsel informed the court that he had "reason to believe that that [sic] Assistant District Attorney was Assistant District Attorney Trey Payne" who Colley had spoken with. Defense counsel learned that Colley was Payne's daughter's teacher and that Payne dog sat for Colley. Defense counsel requested a mistrial explaining that it was the earliest opportunity in which to do so because the prosecutor's name had not been disclosed the day before. Recognizing that defense counsel's decision not to seek a mistrial earlier may have been trial strategy, the court nevertheless denied the motion.

By four issues, Appellant challenges trial counsel's conduct in the following four instances:

- failing to properly preserve error regarding the trial court's exclusion of certain e-mail communications;
- failing to object to the admission of complainant's medical records;
- failing to object to Linda Schwartz's testimony as a medical expert and her interpretation of the contents of complainant's medical records; and

5

- failing to move for mistrial following Juror Colley's communication with an assistant district attorney.

**Standard of Review**

A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007); *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999), citing *Strickland*, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Thompson*, 9 S.W.3d at 814. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006). Appellate review of trial counsel's representation

6

is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). *See also Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). *See also Thompson*, 9 S.W.3d at 813-14. However, where the alleged derelictions are errors of omission not revealed in the record, rather than errors of commission supported by the trial record, collateral attack may be the vehicle by which to develop a detailed record of the alleged ineffectiveness. *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003). *See generally Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a claim of ineffectiveness is raised on direct appeal, a trial record is usually not sufficiently developed to establish such a claim).

## Analysis

The claims of ineffectiveness raised by Appellant on appeal are all alleged errors of omission beyond the record. No motion for new trial was filed alleging ineffective assistance of counsel. When ineffective assistance of counsel claims are raised on direct appeal the record is undeveloped and cannot adequately reflect the motive behind trial counsel's actions. *Mallett*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). "Trial counsel should

7

ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005) (quoting *Rylander*, 101 S.W.3d at 111). Absent such an opportunity, an appellate court should not find counsel's performance deficient unless his conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001), *cert. denied*, 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003).

Appellant complains that defense counsel was ineffective in failing to preserve error on the trial court's ruling to exclude e-mails between Appellant and Arland. The State's objection to admission of the e-mails, which the trial court sustained, was based on relevance and authentication. Counsel is not ineffective in failing to preserve error which is not reversible error. *Doyle v. State*, 875 S.W.2d 21, 23 (Tex.App.–Tyler 1994, no pet.). *See also Mumphrey v. State*, 155 S.W.3d 651, 666 (Tex.App.–Texarkana 2005, pet. ref'd). Additionally, defense counsel was not given the opportunity to explain his strategy and we may not speculate on his decision.

Appellant maintains that defense counsel rendered ineffective assistance by failing to object to admission of Arland's medical records and by failing to object to Linda Schwartz testifying about the content of the medical records. When alleging ineffective assistance for failure to object, an appellant must demonstrate that the trial court would have erred in overruling the objection if defense counsel had made one. *See Vaughn v.*

8

*State*, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Moreover, a failure to object to admissible evidence does not constitute ineffective assistance of counsel. *Oliva v. State*, 942 S.W.2d 727, 732 (Tex.App.–Houston [14th Dist.] 1997), *pet. dism'd*, 991 S.W.2d 803 (Tex.Crim.App. 1998). Medical records can be admissible pursuant to Rule 803(6) of the Texas Rules of Evidence. If not admitted during Schwartz's testimony, the records probably could have been admitted during Arland's testimony. Appellant has failed to demonstrate that defense counsel's failure to object to admission of Arland's medical records and Schwartz's testimony fell below an objective standard of reasonableness.

Appellant's final complaint is that defense counsel was ineffective in failing to move for mistrial following Juror Colley's communication with an assistant district attorney. When first raised, defense counsel was under the impression that Colley had an unfavorable opinion of Arland. The trial court recognized that it may have been trial strategy for defense counsel not to move for mistrial at that time. However, defense counsel was not given the opportunity to defend against Appellant's claim of ineffectiveness for failing to seek a mistrial. Moreover, mistrials should be granted only when an objectionable event is "so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." *See Sanders v. State*, 25 S.W.3d 854, 858 (Tex.App.–Houston [14th Dist.] 2000), *pet. dism'd*, 56 S.W.3d 52 (Tex.Crim.App. 2001). Because we can only speculate on counsel's strategy which would be improper, *Goodspeed*, 187 S.W.3d at 394, Appellant's allegation is not firmly founded in the record.

9

In sum, defense counsel presented a solid defense. Not only did he effectively and vigorously cross-examine the State's witnesses, he also presented the theory that Arland may have accidentally hit herself with the door. Through Burns's testimony he challenged Arland's credibility. Without a motion for new trial or other opportunity for counsel to defend his strategy, we decline to find his performance deficient. Based on the totality of the representation, we are unable to conclude that Appellant has demonstrated that defense counsel's performance fell below an objective standard of reasonableness or that counsel's conduct was so outrageous that no competent attorney would have engaged in it. Appellant has failed to meet the first prong of *Strickland*. We overrule all four issues.

Consequently, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.