Gerald Wayne GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–01062–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1988.

William Meyer, John Knoff, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Cathy Herasimchuk, Asst. Dist. Atty. Harris County, for appellee.

Before DUGGAN, JACK SMITH and DUNN, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant, Gerald Wayne Griffin, guilty of the misdemeanor offense

of driving while intoxicated. The trial court found two enhancement allegations true, and assessed punishment at 45 days confinement and a fine of $500. Three points of error are raised on appeal.

In his second point of error, appellant complains that the trial court's failure to admonish him, when he entered his plea of "true" to an enhancement allegation, was reversible error because it violated both Tex.Code Crim.P.Ann. art. 26.13(a)(1) (Vernon Supp.1988) and his constitutional rights of due process and equal protection.

Article 26.13(a)(1) provides in part that "prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of ... the range of the punishment attached to the offense." This statute applies to a plea of guilty or nolo contendere, not to a plea of "true" to an enhancement allegation. *Sylvester v. State*, 615 S.W.2d 734, 736 (Tex.Crim.App. 1981). Moreover, article 26.13 refers entirely to felony offenses; such an admonishment need not precede the acceptance of a plea of guilty to a misdemeanor. *Empy v. State*, 571 S.W.2d 526, 529 (Tex.Crim. App.1978). Thus, even if a plea of "true" to an enhancement allegation were to be categorized along with pleas of guilty and nolo contendere, article 26.13 would still not apply to a defendant charged with a misdemeanor, as appellant was in the instant case.

Appellant's second point of error is overruled.

In his third point of error, appellant asserts that the trial court erred in overruling his objection to prosecutorial jury argument that injected "harmful, unsworn testimony before the jury."

The argument complained of is the following:

[PROSECUTOR]: Well, why wasn't he allowed a blood test? You heard Officer Costa explain to you why HPD does not give blood tests. There are no facilities to give blood test [sic]. Each person down there is given the option if they want to have a blood test, they can. They can bring their doctors down, draw

their own blood and have a blood test. They are not prohibited.

[MR. MEYER]: I have to—again, I'm sorry, Your Honor—say that the testimony was contrary to what the State's witness was saying as far as what Officer Smith said was the reason they didn't give a blood test.

[THE COURT]: Overruled. The jury will recall the evidence as they heard it. Move along.

Appellant's objection overlooks the following colloquy between the prosecutor and Officer Costa, who supervised the breathalyzer room:

[PROSECUTOR]: Officer Costa, can you explain to the jury why blood tests aren't offered at HPD?

[OFFICER COSTA]: Yes. We don't have the facilities.

[APPELLANT'S ATTORNEY]: There is no materiality to that.

[THE COURT]: We don't have the facilities?

[OFFICER COSTA]: We don't have the facilities in the video room to have a blood test administered to anyone, so the only thing we can offer at that time is the breath test. If they desire to get a blood test, they can always get a blood test after we finish with the interview and after we get the breath tests. So both tests will be compared to see as to their accuracy.

The argument constituted fair summarization or, in any event, a reasonable deduction from the evidence. *Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986).

Additionally, even if the argument were construed to exceed the bounds of proper jury argument, it was not reversible error because, in light of the record as a whole, it was not extreme, manifestly improper, or violative of a mandatory statute; neither did it inject new facts harmful to the accused. *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982).

Appellant's third point of error is overruled.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published.

The judgment is affirmed.