Opinion issued December 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00267-CR

———————————

Darrell Jones, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 230th District Court

Harris County, Texas



Trial Court Case No. 1167879

 



 

MEMORANDUM OPINION

     A jury convicted appellant Darrell Jones of
burglary of a habitation.  See Tex.
Penal Code Ann. § 30.02 (Vernon 2003). 
The indictment included two enhancement allegations, reciting Jones’s
prior felony convictions for burglary in 1988 and burglary of a habitation in
2003.  Jones initially elected jury
sentencing and pleaded not true to the enhancements, but after the State
introduced evidence of multiple prior convictions, he changed his election to sentencing
by the trial court.  He pleaded true to
the enhancement allegations in exchange for an agreed recommendation as to
punishment.  The court accepted the
State’s punishment recommendation and sentenced him to imprisonment for 25
years.

Jones brings five issues on appeal:
(1) the sufficiency of the evidence; (2) ineffective assistance of
counsel; (3) failure to instruct the jury on two requested lesser-included
offenses; (4) the voluntariness of his plea of true to the enhancement
paragraphs during punishment; and (5) the adequacy of admonishments during the
punishment phase.  These issues lack merit,
thus we affirm the judgment of the trial court.

I.                 
Background

Paschal Haywood was a project
manager for the Kalu Group, an investment company that renovated and sold real
estate properties.  In the spring of
2008, Haywood managed the renovation of a single-family home in southeast
Houston.  He testified that the house had
electricity and running water, and the air conditioning worked.  He also said the house was habitable, though there
were no tenants actually living there while renovations were in progress, which
included installation of sinks, ceiling fans, and light fixtures, painting,
roofing, and repairing or replacing the air conditioner.

In late April or early May, Jones
approached Haywood seeking the opportunity to earn some money, and Haywood
hired him to mow the lawn one time. 
Haywood testified that he never gave Jones permission to enter the house
or take anything from it.

Approximately two weeks later,
Ronnie Clark, who lived in the house next door, saw Jones on the street.  Clark had previously seen Jones walking or
riding his bike around the neighborhood. 
He saw Jones walk beside the house under renovation, toward the back of
it.  Approximately 15 or 20 minutes
later, he saw Jones walk back toward the street carrying two stainless steel or
aluminum kitchen sinks.  Clark called the
police and Haywood, and he later identified Jones from a photographic lineup as
the person he saw carrying the sinks.  He
also identified Jones in open court.

Haywood came to the house and
discovered that ceiling fans and two kitchen sinks were missing and the bathtub
had been vandalized.  Houston Police
Department Officer A. Leal, who responded to the burglary call, testified that
a window and a sliding-glass door were opened, but there were no signs of forced
entry.  He said that he found no discernible
fingerprints, only smudges.

Another neighbor, Drexell Carroll,
also testified.  He said that he had
known Jones for approximately four or five years and that Jones had helped him
by doing some odd jobs at his house. 
Carroll testified that Jones confessed breaking into the house and told
him that he intended to return the sinks but had not done so.  He identified Jones from a photographic
lineup as the person who confessed breaking into the house.  On cross-examination, Carroll admitted that
he had previously been convicted of burglary of a building, delivery of a
controlled substance, and failure to identify himself to a law-enforcement
officer.

At the charge conference, Jones’s
attorney requested that the trial court instruct the jury on the lesser-included
offenses of burglary of a building and theft. 
The trial court refused those requests, and the jury found Jones guilty
of burglary of a habitation.

Before the punishment phase of
trial, Jones pleaded not true to two enhancement paragraphs in the indictment,
which alleged that he was convicted of burglary in 1988 and of burglary of a
habitation in 2003.  The prosecutor
stated that the State intended “to enhance in the punishment phase to 25 to
life with a different . . . felony conviction.” 
The trial court indicated that the State could arraign Jones only on the
enhancements alleged in the indictment, however the trial court permitted the
State to introduce evidence of Jones’s other prior convictions.  The State introduced evidence of the following
prior convictions: (1) burglary with intent to commit theft, a felony,
December 12, 2003; (2) burglary of a habitation with intent to commit
theft, a second degree felony, December 22, 2003; (3) burglary of a
building with intent to commit theft, September 7, 1990; (4) burglary of a
building with intent to commit theft, April 7, 1995; (5) evading arrest,
April 28, 1995; (6) criminal trespass, August 28, 2003; (7) evading
arrest, December 8, 2003; and (8) evading arrest, August 22, 1994.  The State did not introduce any evidence of
the 1988 conviction for burglary recited in the indictment, and the State and
defense both rested.

The State sought permission to
substitute a different conviction for the 1988 burglary listed in the
enhancement paragraph but not proven at trial. 
The trial court sustained Jones’s objection and refused the State’s
request.  Outside the presence of the
jury, the trial court heard the parties’ legal arguments about whether prior
convictions that were not listed in the enhancement paragraphs of the
indictment could be used to enhance the range of punishment under the habitual
offender statute.  The trial court
indicated they could but gave the parties a brief recess to ascertain any
relevant or contrary authority.

After a recess, Jones informed the
court that he wished to withdraw his case from the jury and have the court
assess his punishment pursuant to an agreement reached with the State.  In exchange for the State’s recommendation
that his punishment be set at 25 years in prison, Jones pleaded true to both
enhancement paragraphs.  The trial court
admonished him that if the court found the enhancement paragraphs true, the
range of punishment would be imprisonment “for life, any term of not more than
99 years or less than 25 years.”  Jones
acknowledged that he was waiving “any right of appeal in this case both in the
guilt/innocence phase of the trial, as well as the punishment phase of the
trial.”

Based on his pleas, the trial court
found both enhancement paragraphs true and assessed punishment at 25 years in
prison.  The court initially certified
that there was no right to appeal, but after a pro se motion to withdraw the “guilty
plea,” the court amended the certification of right to appeal to state that this
is not a plea-bargain case and Jones does have the right to appeal.

II.              
Jurisdiction

The State challenges our jurisdiction
to entertain this appeal, so we address that issue first.  See,
e.g., Galliford v. State, 101
S.W.3d 600, 603 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  Relying on Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App. 2000), the State
contends that Jones waived his right to appeal when he pleaded true to the
enhancements and elected for the trial court to assess punishment in accordance
with his agreement, and there is no reason why Jones should not be held to his
bargain.  However, what distinguishes
Jones’s appeal from Blanco is that in
this case the trial court gave Jones permission to appeal.  Although a valid waiver of the right to
appeal will prevent a defendant from appealing without the consent of the trial
court, see Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2009), the
trial court nevertheless has the authority to allow a defendant to appeal
despite a valid waiver.  See Willis
v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (recognizing “trial
court’s authority to allow a defendant to appeal despite a valid waiver of
appeal,” citing Monreal v. State, 99
S.W.3d 615, 622 (Tex. Crim. App. 2003)). 


In its initial certification, the
trial court noted that this was a plea-bargain case and that Jones had no right
to appeal.  After the initial
certification, Jones filed a pro se “Motion to Withdraw Plea of Guilty,” in
which he argued that his “plea of guilty” was not intelligent and voluntary
because he received ineffective assistance of counsel.  After this document was filed—and without
explicitly ruling on it—the trial court issued an new certification of Jones’s
right to appeal in which the trial court noted that his was “not a plea-bargain
case, and the defendant has the right to appeal.”  By entering this second certification, the
trial court granted Jones permission to appeal.

The State also argues that the
second certification is not supported by the record because this was a plea-bargain
case.  See Dears v. State, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005)
(holding that certifications of defendant’s right to appeal must be supported
by record).  We disagree.  A plea-bargain case is one in which a
defendant’s plea was guilty or nolo contendere. 
Tex. R. App. P. 25.2(a)(2).  Jones pleaded “not guilty” as to guilt or
innocence and “true” as to the enhancements alleged in the indictment.  Therefore the trial court’s second
certification is both supported by the record and indicates the trial court’s
permission to appeal.  We conclude that
this court has jurisdiction to consider the appeal.

III.          
Sufficiency of the evidence

In his first issue, Jones contends
that the evidence is insufficient to sustain his conviction for burglary of a habitation.  Specifically, Jones argues that the evidence
is insufficient to show he committed burglary and to show that the building was
a habitation.

A.              
Standard of review

Although Jones’s brief recites
now-defunct caselaw suggesting separate standards of review for legal and
factual sufficiency, see Brooks v. State,
323 S.W.3d 893 (Tex. Crim. App. 2010), his
brief did not make separate factual-sufficiency arguments or separate factual
sufficiency into a separate point of error. 
We therefore treat his challenges to the sufficiency of the
evidence, as he does in his brief, in a unified analysis.  We review the sufficiency of evidence to
support a criminal conviction to determine “whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.”  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979).  Viewed in the light most favorable to the verdict, evidence is insufficient
under this standard in two circumstances: (1) the record contains no evidence,
or merely a “modicum” of evidence, probative of an element of the offense; or
(2) the evidence conclusively establishes a reasonable doubt.  See id.
at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 & n.11.

If an appellate court finds the
evidence insufficient under this standard, it must reverse the judgment and
enter an order of acquittal.  See Tibbs v. Florida, 457 U.S. 31, 41
(1982).  An appellate court determines
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).  An appellate court presumes that
the fact finder resolved any conflicting inferences in favor of the verdict and
defers to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct.
at 2793; Clayton, 235 S.W.3d at 778.  An appellate court may not re-evaluate the
weight and credibility of the record evidence and thereby substitute its own
judgment for that of the fact finder.  Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).

B.              
Burglary of a habitation

A person commits the offense of
burglary if, “without the effective consent of the owner, the person . . .
enters a habitation . . . with intent to commit a felony, theft, or an assault;
or . . . enters a building or habitation and commits or attempts to commit a felony,
theft, or an assault.”  Tex. Penal Code Ann. § 30.02(a) (Vernon
2003).  A person commits a theft if “he
unlawfully appropriates property with intent to deprive the owner of
property.”  Id. § 31.03(a) (Vernon Supp. 2009). 
Appropriation of property is unlawful if it is without the owner’s
effective consent.  Id. § 31.03(b)(1).

          A
“habitation” is “a structure . . . that is adapted for the overnight
accommodation of persons.”  Tex. Penal Code Ann. § 30.01(1) (Vernon
2003).  In this context, “adapted” means
“suitable.”  Blankenship v. State, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989).

The most significant element of the definition
is the adaptation “for the overnight accommodation of persons.”  “What makes a structure ‘suitable’ or ‘not
suitable’ for overnight accommodation is a complex, subjective factual question
fit for a jury’s determination.”  The
jury may look to a host of considerations such as the contents of the
structure, including bedding, electricity, plumbing, or furniture; the jury may
also look to and consider the type of structure and its typical use as a means
for overnight accommodation.

Salazar v.
State, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009) (footnotes omitted, quoting Tex. Penal Code Ann. § 30.01(1) and Blankenship, 780 S.W.2d at 209-10).  Each factor is relevant; none is essential or
necessarily dispositive.  Blankenship, 780 S.W.2d at 209.  A jury’s determination that a burglarized
place was a habitation will not be overturned on appeal unless the appellant
can demonstrate that no reasonable trier of fact could have found that the
structure was a habitation.  See id.

C.              
Analysis

1.                
Evidence
of burglary

Haywood testified that he never
gave Jones permission to enter the house or to remove anything from it.  He also testified that he hired Jones to mow
the lawn only once, approximately two weeks before the burglary.  Clark testified that he saw Jones walk beside
the house, toward the backyard and that he saw Jones emerge from that area
approximately 15 to 20 minutes later carrying two kitchen sinks.  Haywood testified that one kitchen sink
matching the description given by Clark was taken from the house and another
kitchen sink was taken from the garage. 
Carroll testified that Jones confessed the burglary to him.

Jones argues that one of the
State’s witnesses was not credible, however, we must defer to the jury’s
determination of credibility.  See Williams, 235 S.W.3d at 750.  Jones argues that there was no evidence that
he was not permitted access to the house by a work crew and that Carroll did
not testify as to when Jones broke into the house.  These arguments focus on what was not in
evidence rather than the evidence that was actually admitted at trial, which is
what we must rely upon in performing a sufficiency review.  See Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789 (holding that, in evaluating sufficiency of evidence,
appellate court must view evidence in light most favorable to verdict).  Finally, Jones speculates that he may have
entered the home another time, he may have received the sinks from another
party and intended to return them, or that he may have taken them from outside
the home if left there by another person. 
None of these speculations are supported by evidence in the record, and
none is a basis to reverse a conviction on the grounds of legal or factual
insufficiency.

Viewing all of the evidence in the
light most favorable to the verdict, we conclude that a reasonable fact finder
could have found the essential elements of the charged offense beyond a
reasonable doubt, namely, without the effective consent of the owner, Jones
entered the house and took two kitchen sinks. 
See Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.  We hold that the evidence is sufficient to
show that Jones committed burglary.

2.                
Evidence
that the building was a habitation.

Jones argues that the evidence was
insufficient to show that the home was a habitation rather than a building
under construction.  For example, Jones
asserts that the State neglected to ask if the house had a roof, if it was
enclosed, or if the garage was attached or detached.  Jones also argues that the there was no
evidence that the garage containing one of the sinks was connected to the
building to be used as a habitation.

Jones’s argument centers on a
response Haywood gave during cross-examination. 
Haywood testified that the electricity and water were turned on and that
the air conditioning worked, but no one was living in the house, “because
during construction we don’t put a tenant in until everything is fixed.”

Q:      So,
there were things in the house that you would not want a person living there in
because—let me back up.  There were
things going on in the house that would render the house such that you wouldn’t
want a family or a person living there; is that correct?

A:      Well,
the only thing was the AC.

Q:      Okay.  So, the answer to my question is yes?

A:      Yeah.

But Haywood also testified that the house was
habitable at the time of the burglary, “We just didn’t have tenants.  We could have lived in it.”  In addition, several photographs of the house
were admitted into evidence during trial. 
These photographs show that the house was a fully-enclosed, brick,
one-story, single-family dwelling with a roof, a paved driveway, and an
attached garage.

The house had utilities and, as a
single-family residence, it was intended to be used to accommodate persons
overnight.  See Blankenship, 780
S.W.2d at 209.  Despite his response on
cross-examination, Haywood testified that persons could have lived in the house
at the time it was burglarized.  Under
our standard of review, we must presume that the jury resolved any conflicting
evidence in favor of its verdict, and we defer to that resolution.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  Viewing the evidence in the light most
favorable to the verdict, we conclude that a reasonable fact finder could have
found beyond a reasonable doubt that the house that was burglarized was a
habitation.  See id.

Because we conclude that the
evidence is sufficient to show that Jones committed burglary of a habitation,
we overrule his first issue. 

IV.          
Lesser-included offense

In his third issue, Jones contends
that the trial court erred by denying his requested jury instructions on lesser-included
offenses of burglary of a building and theft.

A.              
Standard of review

To determine whether a defendant is
entitled to an instruction on a lesser-included offense, the court conducts a
two-pronged test.  See Ex parte Watson, 306 S.W.3d 259 (Tex. Crim. App. 2009); Hall v. State, 225 S.W.3d 524, 535–36
(Tex. Crim. App. 2007).  The first prong
of the test requires the court to use the “cognate pleadings” approach to
determine whether an offense is a lesser-included offense of another
offense.  The first prong is satisfied if
the indictment for the greater-inclusive offense either:

1) alleges all of the elements of the
lesser-included offense, or 2) alleges elements plus facts (including
descriptive averments, such as non-statutory manner and means, that are alleged
for purposes of providing notice) from which all of the elements of the
lesser-included offense may be deduced. 
Both statutory elements and any descriptive averments alleged in the
indictment for the greater-inclusive offense should be compared to the
statutory elements of the lesser offense. 
If a descriptive averment in the indictment for the greater offense is
identical to an element of the lesser offense, or if an element of the lesser
offense may be deduced from a descriptive averment in the indictment for the
greater-inclusive offense, this should be factored into the
lesser-included-offense analysis in asking whether all of the elements of the
lesser offense are contained within the allegations of the greater offense.

Watson, 306
S.W.3d at 273 (footnote omitted).  This
inquiry is a question of law. Hall,
225 S.W.3d at 535.

The second prong asks whether there
is evidence that supports giving the lesser-included-offense instruction to the
jury.  Id. at 536.  A defendant is
entitled to a requested instruction on a lesser-included offense when the proof
for the charged offense subsumes the proof required to establish the
lesser-included offense and some evidence in the record would permit a rational
jury to find that if the defendant is guilty, he is guilty only of the
lesser-included offense.  Id.  Anything
more than a scintilla of evidence may be sufficient to entitle a defendant to a
lesser charge.  Id.  A lesser-included-offense
instruction is required when the evidence establishes the lesser-included
offense as a valid, rational alternative to the charged offense.  Id.

B.              
Burglary of a building

The same predicate offense of
burglary underlies both burglary of a building and burglary of a
habitation.  Tex. Penal Code Ann. § 30.02(a), (c) (Vernon 2003).  The offense of burglary is a state jail
felony if committed in a building other than a habitation, but it is a felony
of the second degree if committed in a habitation.  Id.
§ 30.02(c).  The definition of “building”
includes but is not limited to habitations. 
Id. § 30.01(2).  Accordingly, under the first prong of the
analysis, the State does not dispute that burglary of a building can be a
lesser-included offense of burglary of a habitation.  See,
e.g., Allison v. State, 618
S.W.2d 763, 764-65 (Tex. Crim. App. 1981).

However, for Jones to have been
entitled to a jury charge on burglary of a building, under the second prong of
the analysis there must be evidence that if Jones was guilty of anything, he
was guilty only of burglary of a building—and not of a habitation.  See Hall, 225 S.W.3d at 535; Rousseau v. State, 855 S.W.2d 666, 672
(Tex. Crim. App. 1993).  As noted
previously, a “habitation” is “a structure . . . that is adapted
for the overnight accommodation of persons,” and in determining whether a
building also qualifies as a habitation, a jury may consider the type of
structure, its typical use, and its contents. 
Salazar, 284 S.W.3d at 877.  On appeal, Jones argues that there are four
reasons why a rational jury could have found that the structure was a building
and not a habitation: (1) the house was unoccupied; (2) the
electricity had been turned on so that the workers could use their tools during
the day; (3) Haywood testified that he would not want a person or family
living in the house during renovations; and (4) there was no air
conditioning.

First, Jones’s argument about the
availability of electricity for use by the workers militates against giving the
lesser-included offense instruction, because the availability of utilities is
one factor to be considered in determining that a building is a
habitation.  See Blankenship, 780 S.W.2d at 209. 
There was no evidence at trial to suggest that the same electricity
available to renovation workers during the day would not also be available for
use by a person staying in the structure overnight.

Second, Jones’s contentions about
the air conditioning and Haywood’s testimony are not supported by the
record.  Jones argues that there was no
air conditioning in the house, but the evidence at trial shows that Haywood
unequivocally testified that it worked. 
Similarly, Haywood affirmatively testified that people could have lived
in the house, though he agreed on cross-examination that “there were things
going on in the house that would render the house such that [he] wouldn’t want
a family or person living there.”  The
cross-examination did not develop what the unidentified “things going on” were,
so there is no evidentiary basis to suggest that this testimony was
inconsistent with Haywood’s other testimony that people could have lived
there.  For example, the reason why
Haywood agreed that he “wouldn’t want a family or person living there” could
have referred to paint fumes or dust or other incidents of the ongoing home
renovation that would have been an inconvenience to a person living in the
home, but nevertheless would not have prevented a person from staying there
overnight.  Neither of these arguments
suggest that the jury heard evidence that would support a conclusion that the
house was not “adapted for the overnight accommodation of persons.”

Finally, Jones argues that the
house was unoccupied.  Although this
argument is supported by the record, we hold that this mere fact, standing
alone, does not constitute more than a scintilla of evidence to show that the
house was not suitable for the overnight accommodation of persons.  See
Tex. Penal Code Ann. § 30.01(1); Blankenship, 780 S.W.2d at 209; see, e.g.,
Hunt v. State, No. 13-01-243-CR, 2002
WL 34249726, at *1–5 (Tex. App.—Corpus Christi Apr. 18, 2002, no pet.) (mem.
op., not designated for publication) (holding that trial court did not err in
refusing to instruct jury on lesser-included offense of burglary of a building
when burglarized house was unoccupied but was wired for electricity, had water
available, and was undergoing renovations after a fire); Mathes v. State, No. 14-93-00311-CR, 1995 WL 529144, at *1–2
(Tex. App.—Houston [14th Dist.] Sept. 7, 1995, no pet.) (mem.op., not
designated for publication) (holding that trial court properly denied jury
instruction on lesser-included offense of burglary of a building when
burglarized house was unoccupied but was wired for electricity and had water
available).  A house being renovated—like a vacation home, the primary home of a
family on vacation, or a home for sale—may be unoccupied for extended periods of time, but the structure does
not thereby cease to be a habitation.

We conclude that there is no
evidence in the record from which the jury could have concluded that if Jones
was guilty, he was guilty only of burglary of a building and not of burglary of
a habitation.  Accordingly the trial
court did not err by refusing to give a jury instruction on burglary of a
building.

C.              
Theft

As to Jones’s complaint that the
trial court should have instructed the jury on the lesser-included offense of
theft, we conclude that he has inadequately briefed this issue.  To assert an issue on appeal, an appellant’s
“brief must contain a clear and concise argument for the contention made, with
appropriate citations to authorities . . . .” 
Tex. R. App. P. 38.1(i).  An appellant waives an issue on appeal if he
fails to adequately brief that issue by presenting supporting arguments and
authorities.  See id.; Cardenas v. State,
30 S.W.3d 384, 393 (Tex. Crim. App. 2000). 
In his third issue, Jones asserts that the trial court erred by denying
his requested jury charge on the lesser-included offense of theft of the sinks,
but he provides no meaningful argument or analysis of why theft is a
lesser-included offense of burglary of a habitation under the first prong of
our analysis or what evidence shows that if he is guilty, he is guilty only of
theft and not burglary of a habitation. 
Therefore, we hold that Jones has waived this issue on appeal.  See Tex. R. App. P. 38.1(i); Cardenas, 30 S.W.3d at 393.  

We overrule Jones’s third issue.

V.              
Involuntary plea

In his fourth issue, Jones contends
that his plea of true at punishment was involuntary.

A.              
Standard of review

In assessing the voluntariness of a
plea, we review the record as a whole and consider the totality of the
circumstances.  Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Lee v. State, 39 S.W.3d 373, 375 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). 
A record indicating that the trial court properly admonished the
defendant presents a prima facie showing that the guilty plea was made
voluntarily and knowingly.  Starz v. State, 309 S.W.3d 110, 117
(Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998)).  If the record presents such a
showing, then the burden shifts to the defendant to show that he entered the
plea without understanding the consequences. 
Id.  An accused who attests that he understands
the nature of his guilty plea and that it is voluntary has a heavy burden on
appeal to show that his plea was involuntary. 
Id.; Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d).

B.              
Analysis

The State introduced evidence that
Jones had previously been convicted of eight crimes, including four prior
burglary convictions.  In exchange for
the State’s punishment recommendation of imprisonment for 25 years, Jones then changed
his election from jury sentencing to trial court sentencing and changed his
plea to the enhancement paragraphs from “not true” to “true.”  He testified that he understood the two
enhancements alleged in the indictment, that he was pleading true because the
enhancements were true, and that no one had promised him anything or threatened
him to persuade him to enter his pleas of true. 
In addition, the trial court admonished Jones that it would find the
enhancement paragraphs true if he pleaded true and that the punishment range in
that situation would be imprisonment for 25 to 99 years, or for life.  Thus, there is a prima facie showing that
Jones’s plea was knowing and voluntary.  See Starz,
309 S.W.3d at 117.

On appeal, Jones does not identify
any evidence that shows that his plea was involuntary.  Rather, he argues that he “personally could
gain nothing by pleading true as a habitual offender to the judge for a
conviction for which the State had no evidence.”  The indictment included two enhancement
paragraphs, each alleging the prior commission of a felony.  The State presented evidence to support one
of the two enhancement paragraphs, but it conceded that it did not have
evidence to support the other.

Jones was charged with burglary of
a habitation, a second-degree felony.  See Tex.
Penal Code Ann. § 30.02(c)(2) (Vernon 2003).  The punishment range for a second-degree
felony is imprisonment for two to 20 years. 
Id. § 12.33(a) (Vernon Supp.
2010).  Under the repeat-offender
statute, however, the punishment would be enhanced to that of a first-degree
felony upon a showing that the defendant had previously been convicted of a
first-degree felony, i.e., imprisonment for life or five to 99 years.  See
id. § 12.32(a) (first-degree
felony punishment); id. § 12.42(b)
(repeat and habitual offender statute).

          The
State introduced evidence to support the second enhancement paragraph,
including evidence showing that Jones previously committed four burglaries,
committed theft, and evaded arrest.  Had
the jury found that Jones committed one of the two felonies used for
enhancement, it would have been within its discretion to assess his punishment
at confinement in prison for 99 years or for life.  Thus, Jones may have pleaded guilty in order
to obtain what he believed would have been a more lenient sentence than what
the jury may have imposed.

          Jones
has not directed us to any evidence showing that his plea was involuntary, and
we hold that it was not.  We overrule
Jones’s fourth issue.

VI.          
Sentencing admonishments

In his fifth issue, Jones contends that
the trial court erred by failing to admonish him on the entire range of
punishment before he entered his plea of true to the enhancement paragraphs at
punishment.  Specifically, he complains
he was not admonished as to the range of punishment if only one or neither of
the enhancements was found to be true.

Article 26.13 of the Code of
Criminal Procedure requires the trial court to give the defendant certain
admonishments prior to accepting a plea of “guilty” or “nolo contendre.”  Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).  However, “as a matter of law, it is
unnecessary to admonish an accused who pleads ‘true’ or ‘guilty’ to enhancement
convictions alleged in the indictment. 
This is absolutely discretionary with the trial court.”  Harvey
v. State, 611 S.W.2d 108, 111–12 (Tex. Crim. App. 1981); Griffin v. State, 764 S.W.2d 306, 307
(Tex. App.—Houston [1st Dist.] 1988, no pet.) (holding that article 26.13 did
not apply to plea of true to enhancement allegation).

Here, the trial court admonished
Jones that if he pleaded true to the enhancement allegations, it would find
them true.  See Thomas v. State, 312 S.W.3d 732, 741 (Tex. App.—Houston [1st
Dist.] 2009, pet. ref’d) (“If, however, a defendant pleads ‘true’ to the
enhancement paragraph, the State’s burden of proof is satisfied.”); accord Harrison v. State, 950 S.W.2d
419, 421 (Tex. App.—Houston [1st Dist.] 1997, writ ref’d) (citing Harvey, 611 S.W.2d at 111).  The trial court also admonished Jones what
the range of punishment would be if it found both enhancement allegations
true.  The trial court had no obligation
to admonish Jones as to the range of punishment if only one or neither of the enhancements
was found to be true.  See Harvey, 611 S.W.2d at 111–12.  We hold that the trial court did not err by
not so admonishing Jones, and we overrule his fifth issue.

VII.       
Ineffective assistance of counsel

Finally, we will address Jones’s
second issue, in which he contends that he received ineffective assistance of
counsel because: (1) his trial counsel failed to move for instructed verdict
based on insufficient evidence; (2) his trial counsel failed to object to a
police officer’s non-responsive statement during cross-examination that he
obtained Jones’s “mugshot photo” from a prior arrest for the photographic
lineup in this case; and (3) his trial counsel participated in a plea of true
to an enhancement paragraph that was unsupported by any evidence admitted at
trial.

A.              
Standard of review

The standard of review for claims
of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), and
Bone v. State, 77 S.W.3d 828 (Tex.
Crim. App. 2002).  To prevail on his
claims, an appellant must first show that his counsel’s performance was
deficient.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833.  “Specifically, appellant must prove, by a
preponderance of the evidence, that his counsel’s representation fell below the
objective standard of professional norms.” 
Bone, 77 S.W.3d at 833.  “Second, appellant must show that this
deficient performance prejudiced his defense.” 
Id.  This means that appellant “must show a
reasonable probability that, but for his counsel’s unprofessional errors, the
result of the proceeding would have been different.”  Id.
(quoting Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002)).  A
“reasonable probability” is one “sufficient to undermine confidence in the
outcome.”  Bone, 77 S.W.3d at 833. Thus, the “benchmark for judging any claim
of ineffectiveness must be whether counsel’s conduct so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as
having produced a just result.”  Strickland, 466 U.S. at 686, 104 S. Ct.
at 2064.

There is a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional
assistance, and the appellant must overcome the presumption that the challenged
action might be considered sound trial strategy. Id. at 689, 104 S. Ct. at 2065. 
To overcome the presumption of reasonable professional assistance, “any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  When determining the validity of an
ineffective assistance of counsel claim, judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of
hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  The record on direct appeal will rarely
contain sufficient information to evaluate an ineffective assistance of counsel
claim.  See Bone, 77 S.W.3d at 833. 
Based on such a record, a finding that counsel was ineffective would
normally require impermissible speculation by the appellate court.  Stults
v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  When the record is silent as to
trial counsel’s strategy, we will not conclude that trial counsel’s assistance
was ineffective unless the challenged conduct was “‘so outrageous that no
competent attorney would have engaged in it.’” 
Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

B.              
Failure to move for instructed verdict

Jones argues that his trial counsel
was ineffective because he did not move for an instructed verdict based on
insufficient evidence.  On appeal, Jones
does not present any supporting arguments or authorities for this
contention.  Moreover, as we have already
held the evidence was sufficient to support the conviction, Jones could not
have been harmed by his counsel’s failure to request an instructed
verdict.  See Bone, 77 S.W.3d at 833.

C.              
Failure to object to testimony

Jones further argues that his trial
counsel was ineffective because he failed to object to a statement from a Houston
Police Department investigator, Officer M. Wright, who compiled the
photographic lineups from which the witnesses identified Jones.  During cross-examination, Jones’s lawyer
questioned him about how he compiled the photographic lineup:

Q:      [P]hotos
for a photo spread can come from various sources, right?

A:      They
can.

Q:      Can
come from, say, a mug shot of people that have been arrested?

A:      In
this case that’s what it was, yes.

Jones’s attorney did not object, but he responded,
“I didn’t ask you that.”

          Jones
did not file a motion for new trial, and the record is silent as to his
counsel’s trial strategy.  Based solely
on this silent record, we cannot conclude that no reasonable trial strategy
could justify his trial counsel’s conduct. 
See, e.g., Ingham, 679 S.W.2d at 509 (Tex. Crim.
App. 1984) (“An isolated failure to object to certain procedural mistakes or improper
evidence does not constitute ineffective assistance of counsel.”); Bollinger v. State, 224 S.W.3d 768, 781
(Tex. App.—Eastland 2007, pet. ref’d) (“Counsel can be concerned that too many
objections will alienate a jury or that an objection might draw unwanted
attention to a particular issue.”).

D.              
Participation in plea to enhancement paragraph

Finally, Jones contends that his
trial counsel was ineffective because he participated in the plea proceedings
when the State had presented no evidence of one of the two enhancement
allegations.  As we have noted, the
record is silent as to trial counsel’s strategy.  In addition, we have already explained a
possible strategic reason for Jones to have pleaded true in exchange for the
agreed punishment recommendation.  See supra Part V.B.  Accordingly Jones has not shown that his
trial counsel’s conduct was “‘so outrageous that no competent attorney would
have engaged in it.’”  Goodspeed, 187 S.W.3d 390 at 392
(quoting Garcia, 57 S.W.3d at 440).

We hold that Jones has not met his
burden to show that he received ineffective assistance of counsel, and we
overrule his second issue.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Massengale and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).