Affirmed and Memorandum Opinion filed February 15, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00614-CR



 

TONY DARRELL BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 3rd District
Court 

Henderson County, Texas

Trial Court Cause No. C-15,252



 

MEMORANDUM OPINION

A jury
convicted appellant, Tony Darrell Brown, of aggravated assault on a public
servant.  He elected to have the trial court assess punishment and pleaded
“true” to an enhancement paragraph in which the State alleged a prior felony
conviction.  The court sentenced appellant to thirty years’ confinement and entered
a deadly weapon finding in the judgment.  In seven issues, appellant contends
he was not arraigned and entered no plea outside the jury’s presence, the jury
made no deadly weapon finding, the evidence is legally and factually
insufficient to prove he used or exhibited a deadly weapon, the trial court
never admonished him on the range of punishment if the enhancement allegation
were found “true,” the court made no oral finding on the enhancement paragraph,
and the court considered an incorrect range of punishment.  We affirm.[1]

Arraignment and Plea

In his
first issue, appellant contends we must reverse his conviction because he was not
arraigned and entered no plea on guilt or innocence outside the jury’s
presence.  See Tex. Code Crim. Proc. Ann. art. 26.01 (West 2009)
(requiring arraignment after indictment in all felony cases); Tex. Code Crim.
Proc. Ann. art. 26.02 (West 2009) (stating purpose of arraignment is “fixing”
defendant’s identity and hearing his plea).  However, an entry in the trial
court’s docket sheet indicates appellant was arraigned and pleaded not guilty
approximately a year before trial.  Even if this entry were insufficient to
establish such proceeding occurred, we must presume a defendant was arraigned
and pleaded to the indictment unless these matters were disputed in the trial
court or the record affirmatively shows the contrary.  Tex. R. App. P.
44.2(c)(3), (4).  Appellant does not cite any portion of the record reflecting
a dispute in the trial court on whether he was arraigned and entered a plea,
and the record contains no affirmative showing he was neither arraigned nor
entered a plea.  Accordingly, we overrule his first issue.

Deadly Weapon Finding

            Appellant’s
second, third, and fourth issues concern the allegation that he used or exhibited
a deadly weapon during commission of the offense.

            In his second
issue, appellant argues the trial court improperly entered a deadly weapon
finding in the judgment because the jury made no such finding.  Appellant
suggests there was no such finding because the jury was not presented with any
special issue on use or exhibition of a deadly weapon.  However, a jury’s
affirmative answer to a special issue is not the only basis on which a trial
court may enter a deadly weapon finding.  See Polk v. State, 693 S.W.2d 391, 396
(Tex. Crim. App. 1985); Sanders v. State, 25 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000),
pet. dism’d, improvidently granted, 56 S.W.3d 52 (Tex. Crim. App.
2001).  In a jury
trial, a trial court is authorized to enter a deadly weapon affirmative finding,
when, among other situations,  the jury has found guilt “as charged in the
indictment” and the deadly weapon “has been specifically pled as such
(using the nomenclature “deadly weapon”) in the indictment.” Polk, 693 S.W.2d at 396; see
Sanders, 25 S.W.3d at 856.

In the present case, the jury found appellant guilty of
aggravated assault on a public servant “as charged in the indictment,” and the
motor vehicle was specifically pleaded as a “deadly weapon” in the indictment. 
Therefore, the trial court properly entered a deadly weapon finding.  We
overrule appellant’s second issue.

            In his third and fourth
issues, appellant contends the evidence is legally and factually insufficient
to support the jury’s finding that he used or exhibited a deadly weapon during
commission of the offense.  While this appeal was pending, five judges on the
Texas Court of Criminal Appeals held that only one standard should be employed
to evaluate whether the evidence is sufficient to support a criminal conviction
beyond a reasonable doubt: legal sufficiency.  See Brooks
v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.); id.
at 926 (Cochran, J., concurring).  Accordingly, we review appellant’s
challenge to factual sufficiency of the evidence under the legal-sufficiency standard.

When
reviewing sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict to determine whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Brooks, 323
S.W.3d at 899 (plurality op.).  We may not sit as a thirteenth juror and
substitute our judgment for that of the fact finder by reevaluating the weight
and credibility of the evidence.  Id. at 899, 901; Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999); see also Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986) (expressing that jury may choose to
believe or disbelieve any portion of the testimony).  We defer to the fact
finder’s resolution of conflicting evidence unless the resolution is not
rational.  See Clayton v. State, 235 S.W.3d 772,
778 (Tex. Crim. App. 2007).  Our duty as reviewing court is to ensure the
evidence presented actually supports a conclusion that the defendant committed
the crime. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).

            A defendant commits the
first degree felony offense of aggravated assault on a public servant if he causes
serious bodily injury to a person the defendant knows is a public servant while
the public servant is lawfully discharging an official duty and the
defendant uses or exhibits a deadly weapon during commission of the assault.  Tex.
Penal Code Ann. §§ 22.01(a)(1); 22.02(a)(2), (b)(2)(B) (West Supp. 2009).  “Deadly
weapon” means “(A)
a firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or (B)
anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17) (West
Supp. 2009).  Because the State alleged the deadly weapon used in the present
case was a motor vehicle, the jury was required to determine whether the vehicle
satisfied the second above-cited definition.

A motor
vehicle may become a deadly weapon if the manner of its use is capable of
causing death or serious bodily injury.  Drichas v. State, 175 S.W.3d 795, 799
(Tex. Crim. App. 2005).  To determine whether the evidence supports a finding that a vehicle
was a deadly weapon, we (1) “evaluate the manner in which the defendant used
the motor vehicle during the felony,” and (2) “consider whether, during the
felony, the motor vehicle was capable of causing death or serious bodily
injury.”  Sierra v. State, 280 S.W.3d 250, 255
(Tex. Crim. App. 2009).  Specific intent to use a motor
vehicle as a deadly weapon is not required.  Drichas, 175 S.W.3d at 798. 


At
trial, Texas Department of Public Safety Officer Brian Barnhardt testified as
follows regarding the incident at issue.  On the night of October 8, 2006, he stopped
Michael Kirby for speeding.  While they were parked on the side of a county
road, a Suburban driven by appellant approached from the opposite direction.[2] 
Appellant’s car radio was very loud, which Officer Barnhardt considered
unreasonable at such an hour.  Officer Barnhardt flagged down appellant and requested
he lower the volume.  Officer Barnhardt then noticed appellant was not wearing
a seatbelt and had an open container of beer.  Officer Barnhardt planned to
begin an investigation for driving while intoxicated.  Pursuant to his request,
appellant exited the vehicle.  As they approached the rear of the vehicle,
appellant “broke” and “jumped” back in his vehicle.  Officer Barnhardt pursued
appellant, but he closed the door before Officer Barnhardt could restrain him. 
Officer Barnhardt then reached into the partially open window attempting to
hold appellant.  Appellant “revved” the engine and started placing the vehicle “in
gear.”  Officer Barnhardt swung the flashlight at appellant because Officer
Barnhardt knew appellant would drive away with Officer Barnhardt still in the
vehicle if appellant were able to place the vehicle “in gear.”  At this point, Officer
Barnhardt feared for his safety and “possibly” for his life.  Appellant did drive
away while Officer Barnhardt was partially inside the vehicle, and his legs and
feet were dragged on the road.  Officer Barnhardt managed to get loose, fell to
the ground, and rolled.  Officer Barhardt suffered abrasions to his leg and elbow
and a sprained wrist.

At
trial, Kirby confirmed that appellant drove away at a high rate of speed with
Office Barnhardt partially inside the vehicle and Officer Barnhardt eventually rolled
into a ditch.  James Johnson, a relative of appellant, also testified that, on
the evening of the incident, appellant drove a Suburban to Johnson’s house. 
Johnson noticed appellant had a bloody nose and blood on his shirt.  Appellant
said something to the effect that he had “drug” an officer and the officer
struck him with a flashlight.

Because the
State presented evidence appellant drove the Suburban away at a high rate of
speed, dragging Officer Barnhardt who was still partially inside, the jury
could have concluded beyond a reasonable doubt that appellant used the vehicle
in a manner capable of causing serious bodily injury or death.  Accordingly, the
evidence is legally sufficient to support the jury’s finding that the vehicle
was a deadly weapon.  We overrule appellant’s third and fourth issues.

Enhancement Paragraph

Appellant’s
next issues concern the enhancement paragraph.

In his
fifth issue, appellant complains that the trial court failed to admonish him on
the applicable range of punishment if he pleaded “true” to the enhancement
paragraph.  However, Texas Code of Criminal Procedure article 26.13, which requires
a trial court to admonish a defendant in a felony case on the applicable range
of punishment before accepting a “guilty” or “nolo contendere” plea, does not
apply to a plea of “true” to an enhancement paragraph.  See Tex. Code
Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2009); Sylvester v. State, 615 S.W.2d 734, 736–37
(Tex. Crim. App. 1981); Griffin v. State, 764 S.W.2d 306, 307 (Tex. App.—Houston [1st
Dist.] 1988, no pet.).  To support his position, appellant generally cites
Texas Code of Criminal Procedure articles 36.01 and 37.07, which prescribe
various procedures applicable to the guilt-innocence and punishment phases of
trial.  See Tex. Code Crim. Proc. Ann. arts. 36.01 (West 2007); 37.07
(West Supp. 2009).  Neither statute contains any requirement that a trial court
admonish a defendant on the applicable range of punishment before accepting a
“true” plea to an enhancement paragraph.  See id.  Indeed, such an
admonishment is entirely discretionary with the trial court and is not required
under Texas law.  Harvey v. State, 611 S.W.2d 108, 112
(Tex. Crim. App. 1981) (en banc).  Therefore, we overrule appellant’s fifth issue.

            In his sixth
issue, appellant complains that the trial court made no finding on the
enhancement paragraph “at the conclusion of evidence at the punishment phase of
the trial.”  Appellant apparently refers to the lack of an oral pronouncement
because the trial court did recite in the judgment that it found the
enhancement paragraph was “true.”  A trial court does not
commit error by failing to announce its enhancement
findings in open court prior to sentencing so long as it
appears from the record that the court found the enhancement “true” and entered the sentence accordingly.  See
Meineke v. State, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.]
2005, no pet.) (citing Garner v. State, 858 S.W.2d 656, 660 (Tex. App.—Fort Worth 1993, pet. ref’d)).  Accordingly, we overrule
appellant’s sixth issue.

Finally,
in his seventh issue, appellant contends the trial court erroneously considered
the range of punishment applicable to a felony conviction enhanced by one prior
felony conviction.  See Tex. Penal Code Ann. § 12.42(c)(1) (West Supp.
2009) (“If it is shown on the trial of a first-degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
by imprisonment in the Texas Department of Criminal Justice for life, or for
any term of not more than 99 years or less than 15 years.”).  However, this contention
is contingent on appellant’s prevailing on one of his two previous issues. 
Specifically, he maintains his punishment should not have been enhanced because
the trial court failed to admonish him regarding the range of punishment before
accepting his plea of “true” and made no oral finding on the enhancement
paragraph.  Having rejected both of these underlying complaints, we conclude
the trial court considered the proper range of punishment and overrule
appellant’s seventh issue.

We
affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

 

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
This case was transferred to our court from the Tyler Court of Appeals;
therefore, we must decide the case in accordance with its precedent if our
decision would be otherwise inconsistent with its precedent.  See Tex.
R. App. P. 41.3.





[2]
Neither Officer Barnhardt nor Kirby could identify appellant as the person
involved in the incident, but the State presented other evidence to prove his
identity and the other elements of the offense, which we will not outline because
appellant challenges only the deadly weapon finding.